# TYLER *a.* WHITNEY.

*Supreme Court, First District; General Term, April,* 1861.

RECEIVER.—SUPPLEMENTARY PROCEEDINGS.—COUNTER-CLAIM.—
APPEAL.

A third person indebted to, or having property of, a debtor of whose property a receiver is appointed with such debtor's consent, in supplementary proceedings, cannot, in an action brought by such receiver to reach the debtor's property in his hands, avail himself of any irregularities in the proceedings for the appointment of the receiver, which do not affect the jurisdiction of the court or officer who made the appointment.

Supplementary proceedings are not void merely because the execution was returned without waiting for sixty days to expire after it was issued. Where there is no collusion or fraud shown, and no intent proven on the part of the plaintiff or his attorney to prevent a levy on the property of the debtor, the sheriff need not keep an execution for sixty days.

The objection that the execution was improperly returned before the sixty days had expired, cannot be raised collaterally. It can only be available on a direct motion to set aside the return to the execution. If the debtor does not make the objection himself, no other person can take advantage of it.

In an action by a receiver to reach things in action of the debtor held by the defendant, the answer denied the plaintiff's right thereto, because there were moneys due the defendant for which he held such assets as security. *Held,* that this did not constitute a counter-claim ; and the fact that the plaintiff did not reply to the answer, did not entitle the defendant to the allowance of the claims against the debtor which he had set up in the answer.

If, on a reference in such a case, the referee determines against the defendant's claims, the defendant must except to the report, if, upon the appeal, he would have a review of the errors of the referee in this respect.

Appeal from a judgment.

This was an action by the plaintiff, who had been appointed receiver of one Whitney, a judgment-debtor, in supplementary proceedings upon several judgments. The object of the action was to reach, and apply to the satisfaction of the judgments, certain money and things in action belonging to the debtor, and in the defendant's hands.

The referee to whom the action was referred, reported in favor of the plaintiff.

The objections taken by the defendant are stated in the opinion.

By the Court.*—Ingraham, J.—The first objection taken to the judgment in this case relates to the authority under which the plaintiff acts as receiver. He was appointed receiver in a proceeding in the New York Common Pleas, as well as in other proceedings in the Superior Court.

Upon the hearing before the referee, these proceedings were objected to, on account of sundry irregularities which were supposed to exist therein. These irregularities were not objected to by the defendant in the judgment, but, on the contrary, the debtor consented to the appointment of a receiver, and to his acting without security. I do not deem it necessary to examine these objections separately. They may all be disposed of by the remark, that the defendant in this action cannot take advantage of any of them. It is his duty to pay the debt he owes to the defendant, or to such person as he appoints to receive it; and when the creditor appears in court in a legal proceeding against him, of which the court has jurisdiction, and consents that a receiver be appointed to take possession of his property for the purpose of paying claims against him, it does not lie in the mouth of any debtor to dispute the regularity of that appointment. If there had been a want of jurisdiction on the part of the court or officer making the appointment, the objection might perhaps be available, but not any irregularity in the proceedings. The party against whom such proceedings are taken may waive all such irregularities; and if he does so, no other person can take the objection. For all matters affecting the defendant, the authority to receive payment of the debt was ample; he would have been protected by the payment to the receiver, and he asks the court with a very bad grace to relieve him from paying a just claim to the receiver, when he shows no desire to pay it to any one.

These remarks dispose of all the objections taken in the first three points of the appellants.

The defendant objects that the supplementary proceedings

---

* Present, Clerke, P. J., Sutherland and Ingraham, JJ.

are void, because the execution was returned within a week after it was issued.

This objection has been repeatedly before the court, and has been so often disposed of, that it is rather late to renew it. Where there is no collusion or fraud shown, and no intent proven on the part of the plaintiff or his attorney to prevent a levy on the property of the debtor, there is no law that requires a sheriff to keep an execution sixty days. He may do so, and if he can find property, he ought to make the amount out of the property, even if he requires sixty days for that purpose; but where the sheriff knows the debtor to have nothing, where he has on previous executions exhausted all the property of the debtor, and where he has returned such executions unsatisfied, it would be idle to require him to retain such process in his hands for two months, for no other purpose than to prevent the plaintiff from resorting to other means for collecting his debt. The case of Spencer *a.* Cuyler (9 *Abbotts' Pr.*, 382), on which the defendant relies, was put upon the ground that the plaintiff had procured the return to be made in such a manner that he would be precluded from maintaining an action for a false return, in case it should appear that the debtor had property, and therefore the supplementary proceedings would be set aside. To that decision I agree, but I do not agree to the other suggestions made in the opinion of the justice, but which are expressly stated not to furnish the basis for the decision in that case.

But there is another answer to the objection as taken by the defendant. It is, that no such objection can be raised collaterally, and that it can only be available in a direct motion to set aside the return to the execution. If the debtor does not make the objection himself, no other person can take advantage of it. The benefit is one personal to himself. He can if he please waive it. This has been lately held in Sperling *a.* Levy (10 *Abbotts' Pr.*, 426).

The defendant also objects that the plaintiff not having replied to the answer setting up a counter-claim, the defendant was entitled to an allowance to that amount. This would be so if there was any counter-claim in the answer, but there was not. The plaintiff claimed to recover a lease and mortgage, which the defendant held, and which the plaintiff alleged belonged to the person for whom he had been appointed receiver.

The answer denied his right thereto, because there were moneys due to the defendant for which he held the lease and mortgage as security.   This rendered an examination of the accounts between the debtor and the defendant necessary, but there was no counter-claim.   A counter-claim is where the demand is against the plaintiff, and for which a judgment might be recovered against him.   This claim set up in the defendant's answer was not against the plaintiff, but against Whitney, and was not available to the defendant for any other purpose than to show that the defendant had a lien on the lease and mortgage which was unsatisfied.

The other grounds of appeal are, that the referee has erred in not making allowances to the defendant for services rendered, or moneys expended by him in regard to the moneys collected by him on the lease or mortgage, and while in the charge of the same.

Although there may be some items which should have been allowed, such as the expenses paid in collecting the drafts, and some difference of interest, still there is no ground upon which we can interfere with the report in that respect.   The defendant has not excepted to the referee's report in any particular. Without such exceptions the court cannot on appeal give relief. The error was one of law, and not of fact.   The referee held, as matter of law, that the defendant was not entitled to these allowances, but that the plaintiff was entitled to the mortgage and lease, and to a balance of money in the defendant's hands.   To this finding there should have been an exception.   There was none, and on this account the defendant in this respect is without remedy.

We think the judgment should be affirmed with costs.