HOWARD *v.* WHITMAN, Receiver, &c.

INSURANCE COMPANY.—RECEIVER.—Where an insurance company is insolvent, or in imminent danger of insolvency, the court has the power, under section 199 of the code, (2 G. & H. 151), to appoint a receiver for such company.

SAME.—PLEADING.—Where the facts alleged in the complaint are sufficient to give the court jurisdiction of the subject matter, and power to appoint a receiver, the proceedings, if erroneous, cannot be questioned in a collateral suit.

SAME.—COSTS.—ASSESSMENT.—Where a receiver has been appointed to settle the liabilities of a mutual insurance company, the expenses of the suit brought to procure the appointment of the receiver, together with all other incidental expenses in collecting the assessment ordered by the court, and settling up the affairs of the company, are necessarily chargeable to the fund raised by the assessment, there being no other; and if the assessment made is more than sufficient to pay the liabilities of the company, and the necessary expenses attending the settlement, it cannot be objected to, where there is nothing in the decree of the court authorizing a misapplication of the fund, because the surplus would be refunded to those from whom it was collected.

AMOUNT OF ASSESSMENT.—DISCRETION OF COURT.—In case of a receivership to settle the liabilities of an insurance company, the amount neces-

sary to be assessed for such purpose is a proper matter for the court to determine; and an error of judgment in that respect will not vitiate the assessment, or render it liable to be questioned collaterally.

APPEAL from the *Madison* Circuit Court.

ELLIOTT, J.— *Whitman,* as receiver of the assets of the *Sinnissippi Insurance Company,* appointed by the *Marion* Civil Circuit Court, sued *Howard* on a premium note executed by him to said insurance company. A demurrer was filed to the complaint, which the court overruled, and the defendant refusing to answer over, judgment was rendered for the amount assessed on the note. *Howard* appeals.

The question of the sufficiency of the complaint as a cause of action is the only one in the case. It appears by the complaint that the defendant, *Howard,* on the 20th of *December,* 1865, in consideration of a policy of insurance issued to him by said insurance company, executed to the company the note sued on, for one hundred dollars, payable in such portions and at such times as the directors of the company might, agreeably to their by-laws and the laws of the State, require, to pay their losses, &c.; that in *December,* 1866, *Ross* and *Cluggish* recovered a judgment in the *Marion* Civil Circuit Court against said insurance company, on a policy of insurance issued to them by said company, for losses by fire of the property insured, for the sum of $1,650, on which an execution was subsequently issued to the sheriff of *Marion* county, and was by him afterwards returned, "no property found whereon to levy;" that afterwards, in *July,* 1867, said *Ross & Cluggish* instituted an action in said *Marion* Civil Circuit Court, charging, among other things, that said company had no property subject to execution, and was wholly insolvent and without the means or the ability to procure them to carry on the business of insurance; that the officers of the company had fraudulently used and appropriated the funds of the company derived from assessments on premium notes for the payment of losses, to the payment of their salaries and other incidental expenses of the company, in violation of their charter; and were other-

wise squandering, wasting and misapplying the assets of the company, and praying that the corporate rights of the company be declared forfeited, &c., and for the appointment of a receiver, to receive and collect its assets, pay its liabilities for losses, and wind up its affairs. And such proceedings were had thereon, that afterwards, on the 23d day of *November*, 1867, a decree of said court was rendered in said cause, declaring a forfeiture of the franchises of said company, and the appointment of *Whitman*, the plaintiff herein, a receiver of and for said corporation, with directions to take possession of the moneys, books, notes, accounts and assets of said company. The court further ordered and directed an assessment, on the premium notes held by the company, of a sum equal to the unpaid assessments theretofore made by said company on said premium notes, with twenty per cent. upon the face of said notes in addition thereto, which the said receiver was directed to collect, and apply the proceeds to the payment of the liabilities of said company for losses by fire, &c. · It is further averred that the assessments previously made by said company amounted, on the note of said defendant, to the sum of twenty-six dollars, and the assessment of twenty per cent. in addition thereto, ordered by the court, amounted to the further sum of twenty dollars, making an aggregate of forty-six dollars. The note and a copy of the complete record of the proceedings and decree of the court for the appointment of a receiver, &c., are made a part of the complaint.

It is claimed by the appellant that the court had no power to appoint a receiver under the facts presented in the case, or to order an assessment on the premium notes of the company, and that the proceedings are, therefore, void. We cannot sustain that view of the case. Section 199 of the code, 2 G. & H, 151, provides that "a receiver may be apppointed by the court in the following cases: * * * 5. When a corporation has been dissolved, or is in imminent danger of insolvency, or has forfeited its corporate rights." Here, the complaint of *Ross & Cluggish*

alleged the insolvency of the company, and its inability to pay its liabilities, or, because of the illegal and fraudulent conduct of its officers in misapplying the funds of the company, to make and enforce assessments on its premium notes. It further alleges that the officers of the company, for the purpose of procuring funds to pay their own salaries, and other incidental expenses, to which the law prohibits the premium notes from being applied, were compounding with the makers of said notes, and surrendering the same, and thereby rapidly wasting the only means left to those having claims against the company for losses; thus showing that the company, if not absolutely insolvent, was, at least, "in imminent danger of insolvency." The facts alleged, we think, were clearly sufficient to give the court jurisdiction of the subject, and power to appoint a receiver, and the proceedings therein, even if erroneous, cannot be questioned in a collateral suit.

It is also urged that the assessment made by the court was larger than was necessary to pay the liabilities of the company to which the premium notes were liable, and was not, therefore, justified by the facts of the case. A report of the receiver, made to the court, of the amount of liabilities of the company for losses, and the condition of the premium notes held by the company, is in the record, from which it appears, that of $180,000 of premium notes found by the receiver, at least forty per cent. are deemed insolvent and worthless, and that the total assessment ordered by the court would not produce, from the solvent notes, more than $36,600. The unpaid losses were $30,830 97, all bearing interest from *August*, 1867. The expenses of the suit, and the pay and expenses of the receiver, together with all other incidental expenses in collecting the assessment, and settling up the affairs of the company, are necessarily chargeable to that fund, there being no other. We think the assessment was not unreasonable, and that the amount realized therefrom will not, probably, exceed the liabilities and expenses to which it is applicable; but, at all

events, there is nothing in the decree of the court authorizing a misapplication of the fund, and should a surplus exist after the payment of the liabilities and necessary expenses, it would be refunded to those from whom it was collected. The amount necessary to be assessed was a proper matter for the court to judge of and determine, and an error of judgment in that respect could not vitiate the assessment, or render it liable to question in this suit. We think the complaint is good, and hence that the demurrer to it was properly overruled.

The judgment is affirmed, with costs.

*J. W. Sansberry* and *E. B. Goodykoonts*, for appellant.

*J. E. McDonald* and *A. L. Roache*, for appellee.