KENDAL S. JOHNSON, PLAINTIFF IN ERROR, V. HORACE E. POWERS, DEFENDANT IN ERROR.

1. **Receiver.** An order appointing a receiver in a case brought for the forelosure of a mortgage without notice served on the defendant, or his solicitor, as required by section 267 of the code of civil procedure, *Held*, to be void.

2. ———: LIABILITY FOR MONEY COLLECTED. Money collected by a receiver acting under a void appointment, as such, may be recovered from him by the party entitled to it in an action for money had and received to the use of the plaintiff.

ERROR to the district court for Washington county. Tried below before NEVILLE, J.

*John Lothrop*, for plaintiff in error.

*W. C. Walton*, for defendant in error.

COBB, J.

This action was brought in the district court of Washington county by the plaintiff in error against the defendant in error for certain moneys alleged to have been collected and received by said defendant for the rent of property belonging to the plaintiff by virtue of his appointment as receiver by the said court in a certain action then pending therein, such appointment being claimed to be void. As the cause was disposed of in the district court upon demurrer I copy the petition at length:

"1st. Plaintiff for cause of action says that he is owner of lots three, four, and five in block No. 30 in the city of Blair, Washington county, Nebraska, and has been such owner continuously for the last past three years, and that all of said time he has been in peaceable, undisputed possession of the same, either in person or by tenant, up to the 27th day of June, 1885.

"That there has been for more than two years imme-
diately before filing this petition, and there is now on said
lots costly and valuable improvements consisting of a good
brick two-story dwelling house in good repair and condi-
tion, and a good two-story frame barn, wells, cisterns,
fruit trees, and shrubbery and all other necessary build-
ings and improvements for to make said premises very
valuable as a family residence; that the rental value of said
premises is and has been for the last year two hundred
dollars a year, payable in advance.

"That on or about the 3d day of April, 1885, the
Omaha Savings Bank commenced an action in this court
to foreclose a mortgage on said premises and made this
plaintiff defendant as mortgagor, and A. Castetter, E. H.
Monroe, and Palmer & Ryan defendants as subsequent
purchasers or incumbrancers; that on the 27th day of June,
1885, at an adjourned term of this court, the defendant, A.
Castetter, made application to said court for the appoint-
ment of a receiver to collect the rents and profits of said
premises.    Such application was supported by affidavit
filed on said 27th day of June, 1885.    That on said day
the court appointed this defendant receiver of said rents
and profits.

"This plaintiff further alleges that he had no knowledge
or notice of said application and proceedings until several
days after the receiver was appointed; that his attorney
had no notice until said proceeding came up for hearing;
that plaintiff was a resident of this county, and that no notice
by publication was made in any manner; that he did not
appear in said proceedings either in person or by attorney,
and alleges that no notice was issued or served as is re-
quired by law, and that no notice whatever was issued or
served on any of the parties or their solicitors; that for
the want of notice as is required by law this court had
no power to appoint this defendant receiver or to make any
appointment, and that said pretended appointment is void

and of no effect; that this plaintiff had a good and valid defense to said proceedings, as he believes and has been advised by counsel; that he would have made said defense had he been served with notice as is required by law.

"2d. That on the said 27th day of June, 1885, and all the time since, this defendant has been in possession and exercised control over said premises under said proceedings. This plaintiff alleges that this pretended receiver has not filed in the office of the clerk of this court the bond required by law, and that no bond whatever has at any time been filed in said proceedings; that on the 27th day of June, 1885, this defendant, without authority, urged and persuaded the tenant then on said premises to pay the rent for the future use of said premises to this supposed receiver, which has been done, and by such payment this defendant has received of such rent the sum of two hundred and twenty dollars; that on the 6th day of March, 1886, this plaintiff demanded of defendant the said rent, and defendant refused to pay the same or any part thereof.

"Therefore plaintiff asks judgment against said defendant for the said sum of two hundred and twenty dollars, and cost of this action, and that defendant cease to act as such receiver, and for such other and further relief as this case may require."

Defendant filed a demurrer to the petition for the reason it does not state facts sufficient to constitute a cause of action.

On April 13th, 1885, the cause came on for hearing on demurrer, and the court sustains the demurrer and dismisses the case.

Assignments of error are: 1st. The court erred in sustaining demurrer. 2d. The court erred in dismissing the case.

Before the adoption of the code and the abolition of the difference in the systems of practice in courts of law and

of equity, it was the practice of the latter courts to appoint
receivers in proper cases on motion at any time after the
service of subpœna and the appearance of the defendant,
without notice to the opposite party other than such as
might be given in open court. Then, there was usually no
statute regulating the practice, which was left to the dis-
cretion of the judge or chancellor. Now, the whole mat-
ter of the appointment of receivers is regulated by statute,
and the principal question involved in the case at bar is
whether the method prescribed is to be deemed as exclusive
of all others.

Section 266 of the civil code points out the several cases
in which receivers may be appointed, among others: "In
an action for the foreclosure of a mortgage, when the mort-
gaged property is in danger of being lost, removed, or
materially injured, or is probably insufficient to discharge
the mortgage debt."

Section 267 provides as follows: "No receiver shall be
appointed except in a suit actually commenced and pend-
ing, and after notice to all parties to be affected thereby,
of the time and place of the application, the names of the
proposed receiver and of his proposed securities, and of the
proposed securities of the applicant. Such notice shall
state upon what papers the application is based, and be
served upon the adverse party or his solicitor, at least five
days before the proposed hearing, and one additional day
for every thirty miles of travel from the place of serving
the notice to the place where the application is to be made,
by the usually traveled route; or shall be published in the
same manner as notice of the pendency of suit to non-
residents."

Section 274 provides that "Every order appointing a
receiver without the notice provided for herein, shall be
void," etc.

Considering these two sections together, there can be no

doubt, even if there could have been upon the language of sec. 267 alone, that it was the intention of the framers of the statute that the form and method there prescribed for the appointment of receivers by a court should be exclusive of all others, and that all orders for the appointment of receivers made by any court, without the notice therein prescribed, should be not merely voidable but void.

The allegations of the petition being for the purposes of this opinion assumed to be true, and the defendant having had no authority to act as receiver, his appointment as such being absolutely void, he must be held to have possessed himself of the rent money of the plaintiff by his own voluntary and unauthorized act, and to be liable therefor as for money had and received.

Defendant in error contends, that even if it be held that his appointment as receiver was null and void, that nevertheless the judgment of the district court in sustaining the demurrer was right; that in that case the tenant is not discharged of his obligation to pay the plaintiff by reason of his having already paid the rent to the defendant in his assumed character of receiver, so that the plaintiff's remedy is still against the tenant.

While it is possible that the plaintiff might maintain an action against the tenant for the rent of the premises, and that the latter would be unable to maintain the defense, that he had already paid the same to the defendant as receiver, yet the defendant is entitled to avail himself of no such consideration. Should the plaintiff collect the rents from the tenant the latter would certainly have a cause of action against the defendant for the money paid him, so that this would lead but to a multiplicity of actions which the law as well as equity abhors. The action of assumpsit was sometimes called "the equitable action of the common law," because it can generally be maintained by the party entitled to a fund against one who has no right to retain it.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.