CHARLES T. EDEE v. ALBERT D. STRUNK.

[FILED SEPTEMBER 28, 1892.]

1. **Receivers:** LIABILITY FOR ACTS DONE UNDER INVALID APPOINTMENT. An order by a court, or judge thereof apparently within his jurisdiction, appointing a receiver, which is regular on its face, is *prima facie* valid; and where, in obedience to such order, the receiver collects money and in good faith applies it in discharge of taxes due upon the property named therein and for necessary repairs, such order is a sufficient justification in an action against the receiver to recover the rents collected by him after it has been vacated for want of sufficient notice of the application therefor.

2. ——: ——. Such an order, when apparently valid, is a sufficient defense as to acts done in good faith in obedience to its commands; but if the receiver claims property or other rights as such, he is required to show a valid appointment. The case of *Johnson v. Powers*, 21 Neb., 292, distinguished.

ERROR to the district court for Pawnee county. Tried below before APPELGET, J.

*G. M. Humphrey*, and *H. C. Lindsay*, for plaintiff in error:

The order appointing a receiver was void; and money collected thereunder may be recovered by the party entitled to receive it, in an action for money had and received. (*Johnson v. Powers*, 21 Neb., 292.)

*A. H. Babcock,* and *J. K. Goudy, contra:*

The prevailing rule is that the process, regular on its face, is sufficient to protect the officer against personal responsibility in serving it; but when he claims property under it, he must show a valid judgment. (*Gidday v. Witherspoon,* 35 Mich., 368; *Beach v. Botsford,* 1 Doug. [Mich.], 199; *Adams v. Hubbard,* 30 Mich., 104.)

Post, J.

This was an action in the district court of Pawnee county in which the plaintiff in error sought to recover from the defendant in error money which the latter had collected as receiver under an appointment alleged to be void. The facts, so far as they are material to a consideration of the question involved, are as follows: Plaintiff in error was the owner of certain property in Pawnee City on which there were liens amounting in the aggregate to more than $16,000, exclusive of taxes, which amounted to $251.66. On the 11th day of February, 1889, two of the creditors commenced an action in the district court to foreclose their joint lien. On the 5th day of March, following, the plaintiffs in the foreclosure suit filed a motion for the appointment of a receiver to take charge of the property and collect the rents and profits thereof, on the ground that said property was insufficient security and the mortgagor insolvent. On the 9th day of March said motion was submitted to Hon. J. H. Broady, judge of said court at Beatrice, within the same judicial district, who thereupon made an order in writing appointing the defendant in error, sheriff of Pawnee county, receiver, and directed him to take possession of the property in question, collect the rents thereof, and pay the taxes, keep the buildings insured, etc. This order was filed in the district court of Pawnee county March 13, and the defendant in error, having given bond as directed by the order, took possession of the prop-

erty.   On the 29th day of May, following, the said order was set aside and vacated, on the ground that the notice of the application for the appointment of the receiver had not been served on plaintiff in error a sufficient length of time prior to the making of the order.   In the meantime defendant in error, while in possession of the property as receiver, had collected rents to the amount of $251.66.   He had also expended for repairs on the property $25.30, and paid taxes due thereon $215.90.   On the vacation of the order appointing the defendant in error receiver, suit was instituted against him by plaintiff in error to recover the full amount of the rents collected.   The only question presented, therefore, is whether the defendant in error should be credited with the amount paid for repairing the property and for the taxes due thereon, since it is not seriously contended that the repairs in question were not necessary or that the taxes were not due and delinquent.

The case of *Johnson v. Powers*, 21 Neb., 292, is relied upon by the plaintiff in error.   In that case it is said that under the provisions of section 274 of the Code an order appointing a receiver without the statutory notice is not voidable merely, but void.   That case came up on the ruling of the district court on a demurrer to the petition below.   In said petition it was alleged that no notice whatever was served on any of the parties interested, and that no bond had been given by the pretended receiver.   It does not appear from the petition that any part of the money collected had been disbursed in accordance with the order of the court.   It is clear, therefore, that said petition stated a cause of action.   This case, however, differs from that in one material respect.   Here the receiver is seeking to justify under an order valid on its face.   His defense is, that he paid out the money in accordance with the order of the district judge, an order which, as he claims, he was not bound to, and in fact had not the right to call in question. The rule is now well settled that the recital of jurisdictional

facts in an order appointing a receiver is *prima facie* evidence thereof. (*Potter v. Merchants Bank*, 28 N. Y., 641; *Wright v. Nostrand*, 94 Id., 45; Gluck and Becker on Receivers of Corp., 159, n. 1.) It is true that on a pleading which puts in issue the question of jurisdiction the adverse party may disprove the recitals, not only in an order appointing a receiver, but also in a judgment or decree. Has the plaintiff in error, by his petition, put in issue the question of the jurisdiction of the judge in making the order in question? The only allegation on the subject is the following:

"Third—That the said A. D. Strunk is acting as receiver without any authority of this court or of law whatever; that this plaintiff was not a party to, nor had he any notice of, the appointment of the said A. D. Strunk as receiver, and that all of his acts were null and void, and that his pretended appointment was of no effect whatever."

From the transcript it appears that plaintiff was a party to the foreclosure suit, hence that allegation need not be considered. It will be noticed that it is not alleged that the notice was not in fact served upon him, nor does it appear that he was not present at the hearing of the motion in person or by counsel. It does appear that eleven of the defendants appeared by counsel, but the record does not disclose who of them thus appeared. The petition, in our judgment, is wanting in the allegations essential to put in issue the question of the jurisdiction of the order. We do not, however, base our conclusion alone upon that ground, but also upon the ground that the order, being *prima facie* regular and valid, is a sufficient justification. We can see no reason on authority, and certainly none on principle, why the rule which is interposed for the protection of ministerial officers should not be equally available to the defendant in error. A sheriff, according to the prevailing authorities, will be justified by a process regular and valid on its face (*Gidday v. Witherspoon*, 35 Mich., 368; *Adams v. Hubbard*,

30 Id., 104; *Newburg v. Munshower*, 29 O. St., 617; *Cornell v. Barnes*, 7 Hill [N. Y.], 35; Crocker on Sheriffs, secs. 284, 286), although, should he claim property under it, he is required to show a valid writ. The defendant in error is making no claim to the money which came into his hands in obeying the order in question; nor has the plaintiff suffered any loss. The money in controversy has been expended for his benefit. It appears to us that the reasons for the rule exempting a sheriff from liability in the cases cited above should apply with especial force in cases like this. The receiver holds his office by appointment direct from the court or judge and, when valid, he becomes an officer of the court, subject to its orders and liable for a disobedience thereof. It is his right and duty in certain cases to apply to the court for advice, and we think the policy of the law is not to require him to obey the judgment of the court or order of the judge at his peril. *Johnson v. Powers, supra,* was correctly decided upon the record; but as authority must be restricted to cases within the facts of that case, we do not find any error in the record, and the finding and judgment of the district court for $10.46, the balance in the hands of the defendant in error, is

AFFIRMED.

THE other judges concur.