STATE OF MONTANA EX REL., THE THORNTON-THOMAS MERCANTILE CO. ET AL., RELATORS, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF MONTANA AND THE HONORABLE WILLIAM CLANCY, JUDGE THEREOF.

[Submitted November 1, 1897.   Decided November 15, 1897.]

*Receiver—Appointment of—Practice.*

1.   RECEIVER—*Appointment of.*—An order appointing a receiver, made before judgment is entered in the action, will be vacated when it is made without notice to the adverse party, whose time to appear in the action has not expired, unless it is made to appear to the court that there is immediate danger that the property or fund, for which a receiver is sought, will be removed from the jurisdiction of the court, or lost, materially injured, destroyed or unlawfully disposed of.

2.   SAME.—A complaint which merely alleges mismanagement of the business of the corporation defendant a resolution of the stockholders to wind up the business of the company, because it was losing money, the refusal of the officers to comply with the resolution, and that they were wrongfully, fraudulently and willfully carrying on and continuing the same, in violation of the resolution, in order that they might convert the proceeds of the business to their own benefit, does not state facts sufficient to justify the granting of an order appointing a receiver, when the application is made before judgment and without notice to the adverse party who is not in default.

CERTIORARI, on relation of the Thornton-Thomas Mercantile Company and John A. Frazier, to the District Court of the Second Judicial District of the State of Montana, in and for the county of Silver Bow, and the Honorable William Clancy, judge thereof, to review an order appointing a receiver and certain other proceedings subsequent thereto.   Reversed.

Statement of the case by the court.

This is a proceeding for a writ of *certiorari.*   The record

in the case discloses that J. D. Thomas and George P. Bretherton, who are minority stockholders in the Thornton-Thomas Mercantile Company, on the 6th day of October, 1897, commenced an action in the District Court of Silver Bow county, in department 2 thereof (the Honorable William Clancy presiding as judge), asking for the appointment of a receiver to take charge of all of the property of said corporation, collect its rents, issues, etc., and to sell the property belonging to said corporation, and to practically wind up its business. Immediately upon the filing of said complaint, the judge of said court, at chambers, and without notice to the defendant corporation, made an order appointing E. H. Hubbard receiver, giving him full power to take possession of all the assets of the corporation, collect its debts, and carry on and conduct its business.

The receiver immediately took possession of the entire property and business of said corporation.

The first notice the corporation had of the appointment of a receiver was his appearance at its place of business, armed with the order of the court appointing him to such office.

On the 11th day of October, the defendant appeared by counsel, and asked the court to require of the plaintiffs an undertaking to indemnify it against damages it might sustain in case the receiver should be appointed wrongfully, maliciously, and without sufficient cause.

This application was continued from time to time until the 19th day of October, when the motion came on for hearing before court. An order was then made that plaintiffs execute to the defendant a bond as provided by law, in the sum of $5,000. The defendant insisted upon the giving of said bond immediately, but the court overruled the request, and granted plaintiff until the 1st day of November within which to file said bond.

Without any notice of warning to defendant, the receiver filed a petition asking for an order to sell the entire stock of merchandise, store fixtures, and all property belonging to the defendant, except book accounts.

This petition was considered by the court at chambers, and, without any notice to the defendant corporation, an order was made directing the receiver to sell all said property belonging to the defendant at the best price he could obtain therefor in cash, and that he pay certain alleged preferred claims said to be owing by the defendant corporation.

This order was made without giving the corporation an opportunity to be heard, even as to whether the alleged preferred claims were correct and owing or not.

On the day succeeding the one on which this order was made, the defendant again appeared in court by counsel, and asked the court to suspend thé order of sale until after a sufficient bond had been given, as required by law. This request was denied by the court.

The only grounds alleged in the original complaint filed by the minority stockholders J. D. Thomas and George P. Bretherton was mismanagement of the business of the corporation. On the 19th day of October an amended complaint was filed by them, in which they also charged fraud in the management of the business of the corporation.

This proceeding was commenced on October 21st, to review and annul the action of the District Court in the appointment of a receiver, as shown above in the action of the minority stockholders, aforesaid, against the defendant corporation, on the ground that such appointment was unauthorized and void, for the reason that the court had no jurisdiction to make the same.

On the same day that the writ was issued in this proceeding, the receiver entered into an agreement to sell the entire stock of merchandise belonging to said corporation at private sale, and early on the next morning carried out and completed said sale, and turned over the entire stock of goods to the purchasers; the receiver claiming, however, that, when he did so, he had no knowledge that the writ had been issued out of this court in this proceeding.

*J. J. McHatton* and *James W. Forbis*, for Relators.

*Thompson Campbell* and *Darrow & Laist*, for Respondents.

PER CURIAM.—The principal question presented by this record is as to whether the District Court had jurisdiction to appoint a receiver in the case of J. D. Thomas et al. against the Thornton-Thomas Mercantile Company, under the circumstances disclosed.

It is not disputed that the District Court appointed the receiver without notice to the corporation. Counsel contend that no notice was required by law.

Section 951, Code of Civil Procedure 1895, is as follows: "Notice of an application for the appointment of a receiver, in an action, before judgment therein, must be given to the adverse party, unless he has failed to appear in the action and the time limited for his appearance has expired; or unless it shall appear to the court that there is immediate danger that the property or fund will be removed beyond the jurisdiction of the court, or lost, materially injured, destroyed or unlawfully disposed of. The word 'property,' used in this chapter, includes the rents, profits or other income, and the increase of real or personal property."

It cannot be contended that the original complaint filed in the District Court in said cause stated any facts that would constitute a cause of action. It was virtually a blank paper. But counsel who defend the action of the District Court contend that the amended complaint does state a cause of action, and, further, that it takes effect, not from the filing thereof, but from the time of the filing of the original complaint, and consequently supports the action of the court in all respects. But what does the amended complaint allege that is not contained in the original that would supersede the necessity of giving notice of the application for the appointment of a receiver? In addition to the averments in the original complaint, the amended pleading charges that the stockholders of the defendant corporation, at their regular meeting, in August, 1896, determined and directed, by proper resolution, to wind up the corporation's business, because it was losing money, but that the officers in charge refused to wind up the business in accordance with said resolution, and were wrong-

fully, fraudulently, and wilfully carrying on and continuing the same, in violation of said resolution, in order that they might convert the proceeds of the business to their own benefit. But the officers of the corporation had been doing this for more than a year, in violation of the resolution of August, 1896. The amended complaint does not state any facts that would show the property of the company was in any more "immediate danger" of being lost, or removed beyond the jurisdiction of the court, destroyed or unlawfully disposed of on the day the suit was commenced, than at any time since August, 1896.

The amended complaint shows nothing that would authorize the court to hear the application and appoint a receiver without notice. The question of appointing a receiver to take charge of and wind up the business of a person or corporation is too important and serious a matter to be attempted by any court without notice to the parties interested, unless the facts are so clearly emergent as to imperil the property or estate involved. The circumstances showing immediate danger of peril should be clear and conclusive to authorize the court to appoint a receiver without notice. No such facts and circumstances appear in this record. Besides, the facts show that the receiver was appointed without notice before service had been had on the defendant. The defendant had made no default by failing to appear.

But there are some facts and circumstances shown by this record that are remarkable, and call for the animadversion of this court. The receiver was, in our opinion, appointed without any authority of law. There was nothing before the court to authorize it. But the haste and want of judicial deliberation that characterized the appointment; the expedition with which the receiver took possession of the corporation's property; the facility with which plaintiffs obtained all their orders and rulings of the court; the delays which were permitted by the court to obstruct and defeat any request of the defendant company for bonds and for hearing; the order of sale of the goods made at chambers, without notice, when the goods were

in the hands of the receiver, and could not be lost, injured or deteriorated in value, as far as shown, and directing the payment of claims against the corporation alleged to be preferred and owing, without proof or trial of any sort as to such claims, —were all wrong, and must be unqualifiedly disapproved by this court. All these facts and circumstances go to show that the court disposed of the case in an inconsiderate, hasty, arbitrary and most injudicial manner. The order of the District Court in appointing a receiver is reversed, and all orders of the court made subsequent thereto are vacated.

*Reversed.*