## MICHIGAN STATE INDUSTRIES v FISCHER HARDWARE CO

Ohio Appeals, 1st Dist, Butler Co

No 619.   Decided Dec 7, 1934

John D. Andrews, Hamilton, for plaintiff in error.

Williams, Sohngen, Fitton & Pierce, Hamilton, for defendant in error.

## OPINION

By ROSS, J.

It is the contention of the plaintiff in error that the appointment of the receiver was made by the Court of Common Pleas without jurisdiction, and that the order is, therefore, void, and can be now collaterally attacked, that the plaintiff in error is entitled to levy execution upon the assets of the corporation. A number of interesting propositions of law are presented by this contention.

Without in detail taking up the several paragraphs of §11894, GC, it is obvious that there was no ground for the appointment of the receiver under the provisions of this section, the only section of the Code at all applicable. The power to appoint a receiver must be found in the statutes. Hoiles v Watkins et, 117 Oh St, 165. In the case of Russell, Admr. v Fourth National Bank, 102 Oh St, 248, the third syllabus is:

"Although a court may have jurisdiction of the parties and the subject-matter in an action it cannot transcend the power legally conferred on it."

The corporation cannot, by consent, confer a jurisdiction which otherwise does not exist. In Hoiles v Watkins et, supra, it is stated, page 175:

"We think the consent of the corporation cannot confer jurisdiction to appoint a receiver. Couse's Ohio Private Corporations, p. 2180; Clark on Receivers, Vol. 1, §71, and cases cited; 34 Cyc., 106."

The Bank, having a full and adequate remedy at law, by levying execution, no equity jurisdiction could possibly exist in the court. Hoiles v Watkins et, supra.

The court, having no jurisdiction to appoint a receiver in the suit upon the cognovit note after judgment and before execution, such appointment was a nullity and void.

In Wehrle v Wehrle, 39 Oh St, 365, it is stated in the opinion at pages 366, 367:

"The judgment or final order of a court having jurisdiction of the subject matter and parties, however erroneous, irregular or informal such judgment or order may be, is valid until reversed or set aside; and, however the rule may be in other states (Thompson v Whitman, 18 Wall. 457), where the judgment or order of a court of general jurisdiction in this state contains a finding that there was jurisdiction, and such finding is consistent with other parts of the record, the judgment or order is protected from collateral attack (Cullen v Ellison, 13 Oh St, 446; Scobey v Gano, 35 Oh St, 550); within which rule the orders of probate courts are classed. Schroyer v Richmind, 16 Oh St, 455. If the judgment or order is erroneous, it may be reversed; if it is irregular or informal, it may be corrected on motion; in neither case, however, is it subject to collateral attack. But if the court in fact had no jurisdiction of the subject-matter, whether the case be in rem or in personam, or in cases in personam, of the parties, and there is no finding of the court that it had jurisdiction of the parties, any judgment or order which may be rendered, however regular the same may be in matter of form, is a mere nullity, and may be so treated in a collateral as well as in a direct attack. The distinction is between a case where the court is clothed with power to act in which a judgment or order is valid, though it may be erroneous or irregular, and a case in which there was no power to act, in which case a judgment or order rendered on the assumed existence of such power, is a nullity. Plain as this distinction seems to be, there is sometimes difficulty in applying it."

Being void, it may thus be collaterally attacked. In 53 C. J., 84, it is stated:

"On the other hand, if the court is without jurisdiction to appoint a receiver, its order of appointment may be attacked or disregarded whenever it comes collaterally in question; but the jurisdiction of the court will be upheld by every legitimate inference if the record does not disclose the absence of, or merely defectively shows, jurisdiction in the particular case."

See also: The People v Frank S. Weigley et. and The People v Albert T. Ames et, 155 Ill., 491; State of Nevada ex Nenzel et, v Second Judicial District Court of the State of Nevada, 43 A.L.R., 1331; and In Re Richardson's Estate, 294 Fed., 349. At page 359 of the opinion in the Richardson case, it is stated:

"If it appears upon the face of the proceedings, that a court's order appointing a receiver was without authority of law, and. therefore void, the order may be assailed collaterally, and with impunity, by anybody,

State v Dist. Court, 21 Mont. 155, 53 Pac. 272, 69 Am St. Rep. 645; Tenth Nat. Bank v Smith Const. Co., 227 Pa. 354, 76 Atl. 67, 136 Am. St. Rep., 384. If a court is without jurisdiction, the order is void, and may be attacked or disregarded whenever it comes collaterally in question. 34 Cyc. 168."

In State of Montana ex Johnston v District Court, 21 Mont., 155, at 159:

"But here the error of the court in adjudging petitioner guilty upon the facts alleged was one that involved an excess of the court's jurisdiction. This is apparent, under the decision of this court in State v Clancy, 20 Mont. 284, 50 Pac. 852, where it was decided that the original complaint filed in the district court of Silver Bow County in the case of J. D. Thomas et against Thornton-Thomas Mercantile Company was "virtually a blank paper," and that for various reasons, stated in the opinion, there was no authority of law to appoint a receiver of the corporation at all upon the showing made. The case, therefore, is not one where there has been a receiver appointed by a competent court with jurisdiction over the subject matter and of the parties before it, and where the court's orders were regular, even though erroneous, but one where the court has done that which is a nullity, and where all the orders, including the one appointing a receiver, and all those subsequent thereto, are absolutely void, and entirely beyond the jurisdiction of the court that made them. (People v Weigley, 155 Ill. 491, 40 NE 300). Such being the state of the case, the order of the district court appointing the receiver can be assailed collaterally, and with impunity by anybody. (Van Fleet's Collateral Attack, §16)."

Although these authorities clearly indicate that where the court was without jurisdiction to enter a judgment or decree, the same is void and may be the subject of collateral attack, the great reluctance of courts to interfere with the operation of a judgment, notwithstanding that it may be wholly void, is obviously developed in a further examination of the authorities. The stability of judgments is a matter of prime consideration to every court. Every presumption is in favor of the regularity of judgments which have been permitted to stand unimpeached by proceedings in error or other attack. From a review of the cases it is manifest that these principles control even as to persons who are strangers to the original proceedings, though vitally affected

thereby. One of the most prominent of such authorities is found in the case of Grant, Receiver of The Struthers Furnace Company v A. B. Leach & Co., 280 U. S., 351. Sub-section (1) of syllabus 2 in that case is:

"(1) The Court of Common Pleas had chancery jurisdiction (§11894 GC) to appoint the receiver; and even if it was erroneous to extend the receivership under the petition of the mortgage trustee to property not covered by the mortgage, and to grant any receivership under the petition of the stockholder, which prayed no other relief the validity of the appointment could not be attacked collaterally in another court. P. 358."

At pages 359, 360 of the opinion the court say:

"Sec 11894 GC provides that the Common Pleas Court may appoint a receiver in causes pending therein in certain designated cases, and

"6. In all other cases in which receivers heretofore have been appointed by the usages of equity."

"It is questioned whether under this statute the court rightly appointed, under the petition of the mortgage trustee, a receiver of the portion of the Furnace Company's property which was not covered by the mortgage; and it is asserted that under the petition of the preferred stockholder, in which no other relief was prayed, the appointment was erroneous under the decisions of the Ohio courts. But, however this may be, the court had jurisdiction and the power to determine these questions. And even if the order appointing the receiver was erroneous and might have been vacated in part in a direct attack, as upon an appeal by the Furnace Company, its validity was not challenged in any respect by the answer of Leach & Co. in the District Court, which admitted the allegation that Grant had been "duly appointed" receiver of all the Company's property. And plainly the validity of the appointment could not have been questioned by a collateral attack in another court. See Cadle v Baker, 20 Wall., 650, 651; Shields v Coleman, 157 U. S. 168, 178; Lively v Picton (C.C.A.) 218 Fed. 401, 406; **Lydick v Neville** (C.C.A.) 287 Fed. 479, 482; **Olmstead v Distilling Co.** (C.C.) 73 Fed. 44, 48; **Shinney v North American Co.** (C.C.) 97 Fed. 9, 10; **Barbour v National Bank, 45 Oh St, 133, 140;** McNary v Bush, 35 Ore. 114, 117."

It is true that in this case the court had jurisdiction in equity over at least a part of the property and merely extended such jurisdiction over property not covered by the mortgage, but the attitude of the court toward granting collateral relief is apparent.

An examination of the supporting authorities noted by the court will in each case disclose a similar attitude. Among those noted is that of **Barbour v National Exchange Bank, 45 Oh St, 133**. At pages 140, 141 of the opinion the court say:

"It must be borne in mind that here was an acting receiver. There was at least the form of a legal appointment, and that in a case which certainly invoked the discretion and consideration of the court in the determination of the question whether an appointment could or ought to be made. This was jurisdiction. The court acted. The appointment was made. The receiver proceeded to the discharge of the duties of the trust. This is not a direct proceeding to test the validity or regularity of the appointment. It is not a proceeding in error to review the order of appointment. It is a collateral inquiry. It is not enough that the court erred in its action. Unless it appears manifestly clear to us that the order of appointment was an absolute nullity by reason of the entire absence of jurisdiction in the court that made it, it cannot be assailed in this proceeding. Tyler v Whitney, 12 Abb. Pr. 465; S. C., sub. nom. Tyler v Willis, 33 Barb. 327; Cadle v Baker, 20 Wall. 650; Howard v Whitman, 29 Ind. 557; Vermont & Canada R. Co. v Vermont Central R. Co., 46 Vt. 792; Jay v De Groat, 17 Abb. Pr. 36, m. n.; High on Receivers, §§203, 225."

It is true that here again the jurisdiction of the court was at least questionable.

However even the complete nullity of an order appointing a receiver will not in every case be sufficient to cause a court to intervene or give collateral relief against such void appointment.

In the instant case, the order appointing the receiver was made March 3, 1932. The plaintiff in error did not file a suit upon his account until September 21, 1933. In the brief of counsel for defendant in error it is stated that claims were filed by plaintiff in error with the receiver, that its counsel was present at the several hearings, that the assets of the corporation have been sold under order of court, and the receiver is ready to make distribution to all the cor-

poration's creditors. It is admitted that these facts are not in the record, but they are not denied by counsel for plaintiff in error in its brief. However, even if such facts are not a matter of record, it is apparent that the plaintiff in error, a creditor for more than a year and six months, did absolutely nothing. It is reasonable to suppose, exclusive of the statements of counsel for the receiver that the plaintiff in error must have been aware of the true situation. Under such circumstances the case of Brown v Lake Superior Iron Company, 134 U. S., 530, is in point, and we feel compelled to accept the reasoning of the opinion as directly applicable to the facts in the instant case. The syllabi of that case are:

"An insolvent corporation, with large properties scattered in different states, having, for the purpose of keeping those properties together as a whole, assented to the filing of a creditor's bill by three creditors, (the debts of two of them not having matured and no execution having been issued on that of the third), and having assented to the appointment of a receiver under that bill, and having for nine months lain inactive while the receiver was managing the property and assuming liabilities in reducing it to possession, cannot at the expiration of that time, when the great majority of its creditors have become parties to the suit, and its property is about to be ratably distributed by the court among all its creditors, interpose the objection of want of jurisdiction on the ground that a court of equity could not obtain jurisdiction when the plaintiff's creditors had plain, adequate and complete remedies at the common law, or that their debts had not been converted into judgments, or that no execution had issued and been returned nulla bona—whatever weight might have been given to those defenses if interposed in the first instance.

"The maxim that 'he who seeks equity must do equity' is applicable to the defendant as well as to the complainant.

"Good faith and early assertion of rights are as essential on the part of a defendant in equity as they are on the part of the complainant."

Now it may be said—but this was the corporation itself that was involved. It could have interposed a defense. It could have perfected error proceedings. The creditor, stranger to such proceedings could do none of these things, and, therefore, he

cannot be estopped. Is this a real reason for disregarding this case as an authority? We do not think so—for in one case the corporation had its remedies, to which it failed to resort, while in the instant case, the plaintiff in error, a creditor, failed for eighteen months to do that which it has now attempted to do. Did it not acquiesce? Has it not been guilty of neglect? We consider that it has, and now can not at this late date defend itself against the charges of acquiescence and laches.

Though there seems to be some question as to the exact nature of a proceeding in aid of execution. (Brandt, Receiver v Miami Valley Coated Paper Co., decided by this court, Nov. 27, 1928); **Graver v Guardian Trust Co., 29 Oh Ap, 233 (6 ABS 251); Akron Chapter, No. 300, American Ins. Union v Read, 24 Oh Ap, 192, (5 ABS 297; 5 ABS 814)**, we are convinced that it is a proceeding directly appealing to the equity side of the court, and though clothed with the garment of statutory recognition, requires the court hearing such proceeding to give ear to any claim based upon equitable principles. The outward appearance given a proceeding by the statute has been held not to change the essential character of the proceeding. See **Levenson v Wolfson et, 42 Oh Ap 318, (12 Abs 501; 12 Abs 19).**

For the purposes of this case, such acquiescence as appears in the record is sufficient to sustain the ultimate conclusion of the trial court If to this be added the undenied acts of affirmative recognition of the authority of the receiver, filing of claims and attendance at creditors' hearings, a case of laches amounting to estoppel is presented—a situation which no court required to entertain principles of equity could ignore without doing injustice.

We thus conclude that the Common Pleas Court committed no error in dismissing the proceeding in aid of execution and the judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.