# Tenth National Bank *v.* Construction Company.

*Receivers—Ancillary receiver—Courts—Jurisdiction.*

1. A court has no power to appoint a receiver where one has already been appointed by another court of equal jurisdiction.

2. Where a court of one judicial district in the state appoints a receiver for a corporation, such appointee becomes receiver of every asset of the corporation, wherever situated in the state.

3. The court which first appoints a receiver has the sole disposition of the fund or property received by him as such and is bound in the exercise of its judicial powers to make administration of it.

4. Where a receiver has been appointed for a corporation in one county, the appointment of an ancillary receiver four days later by the court of another county is an unauthorized proceeding, and the assets of the corporation located in such other county are still under the dominion of the court which made the original appointment. Where in such case a bank located in the county where the ancillary receiver was appointed refuses to pay or deliver over to the original receiver assets in its hands belonging to the corporation, the proper proceeding is for such court to order its receiver to demand payment of the bank, and, upon failure of the bank to pay him, to forthwith institute suits to recover the amounts of the deposits. Such court, however, has no authority to make a decree or to enter a rule to show cause ordering the bank to pay the receiver and enjoining it from making payment to any one else, where the court has never brought the bank within its jurisdiction by proper process.

Argued Jan. 14, 1910. Appeals, Nos. 342 and 343, Jan, T., 1910, by The Security Title and Trust Company and The Farmers' National Bank of York, Pa., from order of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 3159, to pay over money on petition of the Fourth Street National Bank of Philadelphia, in case of Tenth National Bank of Philadelphia v. The Smith Construction Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Reversed.

Petition for rule to show cause why a receiver should not be permitted to withdraw certain funds from banks in York county and to enjoin payment of such funds to any other person. Before Staake, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court granting the petition.

*Frederick B. Gerber,* with him *Duane, Morris & Hecksher,* for The Security Title and Trust Company, appellant.—The jurisdiction of courts of common pleas is limited to their respective counties, where the proceedings concern a chose in action whose situs is in another county: Wiener v. American Ins. Co., 224 Pa. 292; Coleman's App., 75 Pa. 441.

A rule cannot be used as original process in equity against a corporation which is not a party to proceedings in which the rule issues: Allegheny Bank's App., 48 Pa. 328; Aurentz v. Porter, 48 Pa. 335.

*Frederick B. Gerber* and *V. K. Keesey,* with them *J. S. Black* and *Duane, Morris & Hecksher,* for Farmers' National Bank, appellant.—Before a court can grant or enforce a rule against any party, it must have acquired jurisdiction over him by some regular and recognized legal process: Allegheny Bank's App., 48 Pa. 328.

*Abraham M. Beitler,* with him *Henry S. Drinker, Jr., James McMullan* and *Arthur G. Dickson,* for appellee.— The court which first appoints a receiver has the sole disposition of the fund or property received by him as such, and is bound in the exercise of its judicial powers to make administration of it: Fischer v. Superior Court, 110 Cal. 129 (42 Pac. Repr. 561); O'Mahony v. Belmont, 37 N. Y. Super. Ct. 380; McCarthy v. Peake, 9 Abb. Pr. 164; Peale v. Phipps, 55 U. S. 368; Sullivan v. Algrem, 160 Fed. Repr. 366.

By accepting a deposit in the name of the receiver, the banks became pro hac vice officers of the court which appointed the receiver, and so subject to its jurisdiction: In re Western Marine & Fire Ins. Co., 38 Ill. 289; Schwartz v. Keystone Oil Co., 153 Pa. 283.

OPINION BY MR. JUSTICE BROWN, March 7, 1910:

On January 27, 1905, the Tenth National Bank of Phila-

delphia filed a bill in the court below, asking for the appointment of a receiver for the Smith Construction Company. The bill averred, inter alia, that the said company had an office and a large part of its machinery, tools and fixtures, plant and assets in the city of Philadelphia, the balance of its machinery, tools, fixtures, plant and assets being scattered, some being in Chester county, some in Mifflin county, some in York county and some in the state of West Virginia. On the same day that the bill was filed the court appointed William R. Richards receiver of all and singular the equipment, materials, supplies, income, choses in action, personal property of every description, rights, privileges and franchises then held by and belonging or appertaining to the Smith Construction Company, and of all of the books, accounts, records, documents and papers of said company. By the decree appointing the receiver he was directed, as soon after entering upon the duties of his office as might be practicable, to cause an inventory of all the personal property which should come into his possession to be made and filed in the office of the prothonotary of the said court, and he was authorized to continue the business then carried on by the Smith Construction Company in such manner as he might deem most advantageous for its creditors. He was authorized to prosecute or defend, without the further order of the court, all existing actions by or against the company and to pay and defray the expenses properly incident thereto, to commence and prosecute any actions which, in the course of business, he might deem necessary or proper, to commence, either in the name of the construction company or in his own name, and to defend all suits that might be brought against the said company, and was directed to keep all moneys received by him on deposit in one or more banks or trust companies of good credit, subject to his order, to be drawn therefrom on his checks only for the proper purpose of the receivership, and all sums not required for making such payments were to be safely kept subject to the further order of the court. Four days later—on January 31—the same complainant, the Tenth National Bank of Philadelphia, filed a

bill in the court of common pleas of York county, the material averments in it being ipsissimis verbis those of the bill filed in the court below, and the York county court was asked to appoint an ancillary receiver. The bill recited the appointment four days before by the court below of Richards as receiver of the construction company, but notwithstanding this, on the same day that the bill was filed in the York county court that court appointed him ancillary receiver, the decree appointing him being in the exact words of that of the court below, except as to the amount of the bond to be given. The business conducted by Richards as receiver in York county was the completion of a certain contract for the building of a portion of a sanitary sewer in the city of York. He has filed accounts both in the court below and in the court of common pleas of York county. The account filed in the court below purports to include all items of receipts and expenditures incident to the business of the Smith Construction Company wherever conducted by the receiver. The account filed in the court of common pleas of York county purports to include only the receipts and expenditures incident to the business carried on by the receiver in the county of York. Certain subcontractors who had furnished materials for the construction of the sewer in the city of York made claims under the Act of June 4, 1901, P. L. 431, as amended by the Act of April 22, 1903, P. L. 255, and the city of York, in pursuance of the statute, paid into the court of common pleas of York county the sum of $5,614.33. An auditor was appointed to determine who were the parties entitled to this fund, and he awarded it to William R. Richards, the ancillary receiver. Exceptions to his report were sustained by the lower court, but, upon appeal to this court, the decree of the lower court was reversed and the report of the auditor absolutely confirmed: Tenth National Bank of Philadelphia v. Smith Construction Co., 218 Pa. 581. The fund was thereupon, less the costs of audit, paid to William R. Richards, receiver, who deposited the same to his credit in the Security Title and Trust Company, of York, Pa., where it now remains. Subsequently, on August 19, 1907, the city of York presented

a petition to the court of common pleas of York county, asking leave to pay into court the balance alleged by it to be due upon the contract with the Smith Construction Company for the building of the sanitary sewer, to wit, the sum of $14,911.76. Upon the presentation of this petition the court ordered the said city of York to "pay said sum of money to William R. Richards, receiver of the above defendant, to be accounted for by said receiver according to law, this fund to be deposited by said receiver in the Farmers' National Bank of York, Pennsylvania, to be paid out only in accordance with the order of this court."

The Fourth Street National Bank of Philadelphia is the holder of receiver's certificates issued by the said William R. Richards under and by virtue of an order of the court below, and on July 16, 1909, it presented its petition to said court, averring the foregoing state of facts, and, in addition, that the receiver had requested payment to him by the Farmers' National Bank of York of the sum on deposit with it to his credit, and that payment was refused, and, further, that he had made a similar demand upon the Security Title and Trust Company of York for payment of the amount deposited with it to his credit, but that payment thereof had also been refused. Upon the presentation of this petition the court below granted a rule upon William R. Richards, receiver, the Security Title and Trust Company of York and the Farmers' National Bank of York, Pa., to show cause why the moneys on deposit to the credit of the said receiver, or to which he might be entitled, should not forthwith be paid to him and why the said Security Title and Trust Company and the Farmers' National Bank of York should not be enjoined and restrained from paying said moneys to any person or persons except under and by direction of the court. Service of this rule was made in York county upon the Security Title and Trust Company and the Farmers' National Bank of York, but no answer was made by either of them, and on October 20, 1909, the court below made an order that they forthwith pay to William R. Richards, receiver, the sums on deposit with them to his credit, with interest to the date of

payment, and enjoining them from paying said moneys to any person or persons except under and by direction of the court. From this order we have these appeals.

When court of common pleas No. 5 of the county of Philadelphia appointed Richards receiver he became the receiver of every asset of the Smith Construction Company, wherever situated within the state. From the moment he was appointed, and before he may have taken actual possession of all of the assets of the company within the state, the court acquired plenary jurisdiction and dominion over those assets, and the receiver appointed by it was its officer to administer them, in whatever counties of the state they might happen to be. If there be an adjudicated case which authorized the court of common pleas of York county to interfere with the jurisdiction and dominion of the court below over the assets of the construction company which were in York county on January 27, 1905, by appointing an ancillary receiver four days later, it has never fallen under our notice. On the contrary, under all the authorities, the York county court was wholly without jurisdiction to make the appointment. "As between courts of the same State when a receiver has been appointed by one court and has obtained possession of the property or fund over which he was appointed, he cannot be in any manner interfered with by a receiver subsequently appointed, or by any proceeding whatever in any other action brought in any other court. The court which first appoints a receiver has the sole disposition of the fund or property received by him as such, and is bound in the exercise of its judicial powers to make administration of it:" Beach on Receivers, sec. 15. In Peale v. Phipps, 14 Howard, 368, an attempt was made in one of the federal circuit courts to exercise jurisdiction over a trustee who had been duly appointed by one of the courts of the state of Mississippi, and, in setting aside the circuit court's interference, it was said by the Supreme Court of the United States, through TANEY, C. J.: "The property, in legal contemplation, was in the custody of the court of which he was the officer, and had been placed there by the laws of Mississippi.

And while it thus remained in the custody and possession of that court, awaiting its order and decision, no other court had a right to interfere with it or to wrest it from the hands of its agent, and thereby put it out of his power to perform his duty." In the comparatively recent case of Sullivan v. Algrem, 160 Fed. Repr. 366, there were three suits in three courts against Sullivan, owning and operating the Home Coöperative Company, to appoint receivers of the same property, to sell it and to distribute the proceeds among the same creditors and holders of contracts. The first two suits were commenced in the state courts and the third in the federal court. The first court—the circuit court of St. Louis county, Missouri,—appointed a receiver, who took possession of a part or all of the property of the company. The circuit court of appeals of the United States for the eighth circuit held that, even without actual possession by the receiver, the circuit court of St. Louis county had acquired complete jurisdiction over all of the property of the company by the commencement of the suit, the appearance of the defendant and the appointment of the receiver. In so holding it was said by SANBORN, Circuit Judge: "The legal custody of specific property by one court of competent jurisdiction withdraws it, so far as necessary to accomplish the purpose of that custody, until that purpose is completely accomplished from the jurisdiction of every other court. The court which first acquires jurisdiction of specific property by the lawful seizure thereof, or by the due commencement of a suit in that court, from which it appears that it is, or will become, necessary to a complete determination of the controversy involved, or to the enforcement of the judgment or decree therein, to seize, charge with a lien, sell, or exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court, and entitles the former to retain the control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal. When a court has by lawful proceedings taken possession of specific property, it has during that possession and as incident thereto jurisdiction to hear and

determine all questions respecting the title, possession, and control thereof, and courts of coördinate jurisdiction are powerless to render any judgment or decree that will invade or disturb the possession of the property while it is in the custody of the court which has thus first acquired it: Lang v. Choctaw, Oklahoma & Gulf R. R. Co. (C. C. A.), 160 Fed. Repr. 355 (filed by this court March 2, 1908); Farmers' Loan & Trust Co. v. Lake Street El. Railroad Co., 177 U. S. 51 (20 Sup. Ct. Repr. 564); 44 L. ed. 667; Peck v. Jenness, 7 Howard, 612; 12 L. ed. 841; Freeman v. Howe, 24 Howard, 450; 16 L. ed. 749; Moran v. Sturges, 154 U. S. 256 (14 Sup. Ct. Repr. 1019); 38 L. ed. 981; Central Nat. Bank v. Stevens, 169 U. S. 432 (18 Sup. Ct. Repr. 403); 42 L. ed. 807; Williams v. Neely, 134 Fed. Repr. 1; 67 C. C. A. 171; 69 L. R. A. 232; Barber Asphalt Paving Co. v. Morris, 132 Fed. Repr. 945; 66 C. C. A. 55; 67 L. R. A. 761; Gates v. Bucki, 53 Fed. Repr. 961; 4 C. C. A. 116."

Authorities need not be multiplied in support of the rule that a court has no power to appoint a receiver where one has already been appointed by another court of equal jurisdiction. The rule is essential to the orderly administration of justice, for without it there would be unseemly conflicts between courts undertaking to exercise jurisdiction over the same subjects and persons. If the York county court could interfere with the administration by the court below, through its officer, of the estate of the construction company, so might the courts of the counties of Chester and Mifflin and of as many other counties as might happen to have assets of the company within their borders. Instead of one account by a receiver, to be passed upon by one court, there would be an account in each county by the receiver appointed by its court, and on every question raised on the accounts of receivers so appointed there might be as many minds as there were judges who made the appointments. To avoid such confusion, if for no other reason, when an appointment is once made by a court of competent jurisdiction, that appointment ought not to be interfered with by any other court within the same state. The controlling reason of the rule that

the court which first appoints a receiver has exclusive juris-
diction over him and the assets to be sequestered and admin-
istered is that by his appointment those assets pass at once
in gremio legis, and are not, therefore, to be interfered with
by the process of any other court.

It is contended by counsel for appellants that, even if the
appointment of the ancillary receiver by the court of common
pleas of York county is void, it is not to be attacked in this
collateral proceeding. This overlooks the fact that the court
of common pleas of York county never had jurisdiction of
the subject-matter—the assets of the Smith Construction
Company. Exclusive jurisdiction over those had attached
on January 27, 1905, in the court of common pleas No. 5 of
the county of Philadelphia, as affirmatively appeared in the
bill presented to the York county court. As that court was
without jurisdiction, its appointment of the ancillary re-
ceiver was void and is to be so regarded in this proceeding.
The appellee is not required to formally move for its vacation
by the court that undertook to make it.

The deposits with the two appellants are assets belonging
to the receiver appointed by the court below and are free
from any interference or control by the York county court,
whose connection with the moneys due by the city of York
for the sewer ended when it ordered the same to be paid to
the receiver. What he should do with the funds after pay-
ments were made to him was solely for the court below. But
while this is true, no authority exists for the action of the
court below in ordering the appellants to pay the receiver.
This order followed a rule upon them issued in a proceeding
to which they were not legally made parties. They had
never been within the court's jurisdiction, and the rule taken
upon them was ineffectual to bring them in. The order made
upon them was void for want of jurisdiction: Allegheny
Bank's Appeal, 48 Pa. 328. They are not, however, to be
permitted to retain the moneys due the receiver, and, if they
do not pay him upon demand, will be compelled to pay in a
proper proceeding. On the petition presented by the ap-
pellee the court ought to have ordered the receiver to demand

payment, and, upon the failure of the appellants to pay him, to forthwith institute suits to recover the amounts of the deposits.

The decree below is reversed, the costs to be paid out of funds belonging to the receiver, and leave is granted to the appellee to apply to the court below for the order which we have suggested ought to have been made.