## Landis et al. *v.* Manufacturers Light & Heat Company, Appellant, et al.

Argued March 29, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*F. Smith Christy*, of *Weil, Christy & Weil*, with him *Forest G. Moorhead*, of *Moorhead, Marshall & Sawyer*, for appellant.

*W. W. Stoner*, of *J. M. Stoner & Sons*, with him *Lawrence M. Sebring*, for appellees.

OPINION BY MR. JUSTICE LINN, April 19, 1943:

This appeal is from a decree for specific performance. Beaver-Butler Gas Company, a Pennsylvania corporation, was engaged in Beaver County, Pennsylvania, as the bill and answer show, in "the business of the development for, purchase of, and sale of natural gas, and for that purpose, *inter alia*, was the owner of certain rights of way for pipe lines, franchises for the delivery and sale of gas, together with pipe, equipment, rights of way, meters, regulators and regulator stations, compressor station, road, stream, and railroad crossing permits, gas purchase contracts, oil and gas wells, rights, leases, etc., all of which it used in its business of selling gas to consumers thereof." It became insolvent and in July, 1933, the court from whose decree this appeal comes, appointed a receiver who qualified and continued the operation. Failing to find a purchaser at a satisfactory price, he applied to the court on April 6, 1934, for authority to sell the property of the company to all its creditors; there were thirty-seven of them. A decree to that effect was entered June 4, 1934. Prior to the decree, the creditors met and executed a written agree-

ment signed by all of them, providing that the three having the largest claims should act as a committee for all for the purpose of winding up. Accordingly and pursuant to the decree, the Receiver, August 21, 1934, executed and delivered a deed for all the property to the trustees for creditors.

The appellant, Manufacturers Light & Heat Company, on February 7, 1941, agreed in writing with the trustees to buy all the physical assets of the Company for $25,000. The agreement recites the approval of the Public Service Commission, now the Public Utility Commission. When the time for performance arrived, appellant declined to perform on the ground that the trustees lacked power to sell. This objection seems to have been based on the fact that the deed from the receiver to the trustees did not expressly confer the power. This bill was then filed. The purchaser, Manufacturers Light & Heat Company, and all the creditors were named defendants. Only the appellant answered; the creditors, obviously made parties in order that they might have opportunity to object or otherwise protect their respective rights, filed no answers and decrees pro confesso were taken against them.

A mere statement of the facts should be sufficient to show that performance of their duties necessarily required that the trustees have power to sell and that such authority was intended to be implied. In the circumstances it must be implied, for without it the purposes of the liquidation could not have been completed. The rule is stated in 2 Scott, Trusts, (1st Ed. 1939) section 190.2. "Where the trust instrument does not expressly authorize or prohibit the sale of trust property, and does not use language which is interpreted to authorize or prohibit a sale, resort may be had to the purposes of the trust to determine whether there is a power of sale. Where a sale would be necessary to enable the trustee to carry out the purposes of the trust,

it is reasonable to infer that the settlor intended to give the trustee a power of sale." See, Restatement, Trusts, section 190, p. 501, comments (a) and (c). 2 Perry, Trusts, (7th Ed. 1929) section 766: "No particular form of words is necessary to create a power of sale. Any words which show an intention to create such power, or any form of instrument which imposes duties upon a trustee that he cannot perform without a sale, will necessarily create a power of sale in the trustee."

Service on creditors outside Beaver County was made pursuant to the Act of April 6, 1859, P. L. 387, 12 PS section 1254. The principal defendant, Manufacturers Light & Heat Company, was served in Beaver County; the case is within the Act: *Mid-City Bank & Trust Co. v. Myers,* 343 Pa. 465, 23 A. 2d 420.

Decree affirmed at appellant's costs.