Slater, Receiver, et al., *v.* Cauffiel et al., Appellants.

Argued September 30, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank P. Barnhart,* with him *Uhl, Ealy & Uhl,* for appellants.

*Walter E. Glass,* with him *William A. McGuire* and *Robert S. Glass,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1946:

Samuel Hammer, appellant in Appeal No. 98, and R. W. Lohr, appellant in Appeal No. 99, filed their respective petitions in the court below pursuant to the provisions of the Act of 1925, P. L. 23, 12 P.S. 672, to set aside extra-county service upon them, made pursuant to an order of court in conformity with Equity Rule 27. Alfred Slater, receiver of Kennerly Coal and Coke Company, appellee, filed a Bill in Equity against numerous defendants, two of whom are appellants, praying that a mortgage upon land forming a part of the assets of the company be foreclosed free and clear of any interest which appellants might have, together with S. H. Cauffiel, Trustee, by reason of their purchase of respective tracts of the real estate at a tax sale, and to secure a conveyance by the appellants to appellee of all their right, title, and interest in the aforesaid land. The court below held that the proceeding, being ancillary and dependent upon its action appointing the receiver in 1925, was within the provisions of the Act of 1859, P.L. 387, 12 P.S. 1254, the Act of 1921, P.L. 899, 12 P.S. 302, or the inherent power of the court, and service was, therefore, properly made.

In 1925, the Franklin National Bank of Philadelphia et al., filed a Bill in Equity in the court below against the Kennerly Coal and Coke Company, and S. H. Cauffiel, trustee for bondholders, praying for the appointment of a receiver. Granting of the prayer was affirmed by this Court in *Franklin National Bank et al. v. Kennerly Coal & Coke Co.*, 300 Pa. 479, 150 A. 902. The receiver was directed to take immediate possession of all property of the said company. The sole assets of the company consisted of certain tracts of land and seams of coal in place underlying other tracts of land situate in Somerset County. On August 14, 1905, said company executed and delivered to S. H. Cauffiel, as trustee for

bondholders, a mortgage to secure payment of mortgage bonds. Said bonds, both as to principal and interest, are in default. The income received from the assets and amounts realized from sale of a portion thereof, were insufficient to pay the annually assessed county, road and school taxes. Tax sales were made by the County Treasurer and County Commissioners of Somerset County. No redemption has been effected by the receiver. Appellants, R. W. Lohr, Samuel Hammer, and John Cauffiel, as purchasers, claim ownership of, or an interest in, certain tracts of land thus sold for taxes. Their interests in specific tracts are fully set forth in the pending Bill of Complaint. The Bill avers that necessary and proper steps were not taken to divest the land of the lien of said mortgage and that the same was not divested by the tax sales.

The relief prayed for in the Bill was: (1) that the 1905 mortgage be foreclosed, and that the land, coal in place and all property of said company be sold by petitioners subject to the approval of the court, free, clear, and divested of the lien of said mortgage, and (2) that appellants be required to convey to Kennerly Coal and Coke Company all right, title, and interest which they might have acquired in and to the land by the said tax sales.

Appellants contend that the court below was without jurisdiction for the reasons: (1) the property does not lie within the territorial jurisdiction of the court, and, therefore, the Act of 1859 is inapplicable, and (2) granting of the relief prayed for necessitates a decree *in personam* which cannot be done by the service in question.

From the moment of the appointment of the receiver of the Kennerly Coal and Coke Company, and before he "may have taken actual possession of all of the assets of the company within the state, the court acquired plenary jurisdiction and dominion over those assets and

the receivers appointed by it were its officers to administer them, in whatever counties of the state they might be": *Tenth National Bank v. Construction Co.*, 227 Pa. 354, 359, 76 A. 67, 69. In that case this Court adopted the language of the court in *Sullivan v. Algrem*, 160 Fed. 366, 369, 76 A. at 70: "The legal custody of specific property by one court of competent jurisdiction withdraws it, so far as necessary to accomplish the purpose of that custody, until that purpose is completely accomplished from the jurisdiction of every other court . . . entitles the former to retain the control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal. When a court has by lawful proceedings taken possession of specific property, it has during that possession and as incident thereto jurisdiction to hear and determine all questions respecting the title, possession, and control thereof, and courts of coördinate jurisdiction are powerless to render any judgment or decree that will invade or disturb the possession of the property while it is in the custody of the court which has thus first acquired it. . . ." All assets of the company passed at once *in gremio legis* and could not be interfered with by the process of any other court: *Tenth National Bank v. Construction Company*, supra, 360, 76 A. at 70.

The Act of 1859, P.L. 387, as amended by the Act of 1941, P.L. 11, 12 P.S. 1254, provides: ". . . it shall be lawful for any court of this commonwealth having equity jurisdiction, upon the special motion of the plaintiff or plaintiffs, in any suit in equity which has been or shall be instituted therein, concerning goods, chattels, lands, tenements, or hereditaments . . . situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage, or encumbrance thereon, or where the court [has] acquired jurisdiction of the subject matter in controversy, by the service of its process on one or more of the principal

defendants, to order and direct that any subpœna, subpœnas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found."

The Act of 1921, P.L. 899, 12 P.S. 302, provides: "In all cases wherein any cause, subject matter, property, or interest is within the jurisdiction of any court of common pleas or other courts of record, and one or more of the parties in interest therein resides beyond the limits of such jurisdiction but within the Commonwealth, the authority and jurisdiction of courts shall extend to all rules, notices, and orders necessary in the course of procedure to be served upon the party or parties residing beyond such jurisdiction and within the Commonwealth." Provision is then made for service by deputization of the sheriff of the county wherein such person resides.

In *Mid-City Bank and Trust Company v. Myers,* 343 Pa. 465, 470, 23 A. 2d 420, 423, this Court said: "It is plain that the legislature intended to provide for extra-territorial service in actions both in personam and in rem and to make a different provision as to service in actions of a different nature."

The first section of the Act of 1859 authorizes the service in question if the court below had jurisdiction concerning goods, chattels, lands, tenements or hereditaments *"situate* or *being* in the jurisdiction of such court." The factual situation here presented is not found in any of the decided cases of this Court. There is here involved an equity receivership appointed by the court below. By virtue of the appointment of the receivers, the court below became the only court which acquired jurisdiction over them and the assets to be administered from the moment of appointment. That jurisdiction was exclusive. There are, therefore, goods, chattels, lands, tenements and hereditaments *"being"* within the jurisdic-

tion of the court below. The requirements of the first portion of the Act having been fulfilled, the services beyond the territorial limits of the jurisdiction in compliance with the Supreme Court Equity Rule 27, was proper.

There can be no constitutional objection to the exercise of this power. The entirely different situation of service upon parties residing outside of the Commonwealth is not involved. What this Court said in *Mid-City Bank and Trust Company v. Myers,* supra, 471, is applicable here: "One of the main errors in the appellants' argument arose by reason of their failure to distinguish between those cases where the extraterritorial service was outside the state and where it was outside the county but inside the state." Many of the cases relied upon by appellants involve extra-state service where the relief prayed for was *in personam.*

*Degan v. Kiernan,* 326 Pa. 397, 192 A. 404, and *Gallagher, Admr., v. Rogan,* 322 Pa. 315, 185 A. 707, do not compel a different conclusion. In the former, the facts of the case are not fully reported, but it does not appear that the court had jurisdiction of either property or person. In the latter, the court did not have jurisdiction of the subject matter or the cause of action: ownership of a debt represented by a bond and mortgage. Further distinction exists in the nature of the proceedings and parties involved. The instant case is concerned with the title to assets belonging to and legally in possession of an equity receiver appointed by the court below. Appellants state the question raised to be "the validity of tax titles." The court below was the only court which could properly determine said question: *Tenth National Bank v. Construction Co.,* supra.

The decree of the court below is affirmed at appellants' cost.