Winters et al. *v.* Rimersburg Coal Company et al., Appellants.

Argued September 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edmond C. Breene*, with him *Breene & Jobson*, for appellants.

*Vincent M. Casey*, with him *Merritt H. Davis* and *Margiotti & Casey*, for appellees.

OPINION BY MR. JUSTICE LINN, November 8, 1948:

This appeal by the committee of the person and estate of Harry F. Miller, one of the defendants, complains that the court refused to set aside service of the amended bill in equity on appellant in Allegheny County made pursuant to an order of the court in Clarion County in which the suit is pending. The defendants are Rimersburg Coal Company, a corporation, Harry F. Miller, George Miller and J. J. Miller. The amended bill was served on the coal company and George Miller in Clarion County on July 19, 1944, a service which is not challenged. It is unnecessary to describe the suit further than to say that plaintiffs pray relief by injunction and account on aver-

ments of the individual defendants' misrepresentations and fraudulent conduct and the wrongful acquisition of the capital stock of Rimersburg Coal Company. The averments of the amended bill, to which our consideration at this stage of the record is limited, show that George Miller is one of the principal defendants: compare *Whittaker v. Miller,* 301 Pa. 410, 152 A. 670 (1930). There is no question of the jurisdiction of the court over the subject matter of the suit, that is, the power of the court to enter upon a judicial inquiry into the fraudulent conduct alleged by the plaintiffs. Plaintiffs obtained leave on August 1, 1944, to serve the amended bill in Allegheny County, on the defendants residing in that county. Thereafter, the committee in lunacy of Harry F. Miller, appointed since this suit was brought, and J. J. Miller were served. The committee, by a de bene esse appearance and appropriate motion, challenged the service. The court below denied the motion but gave no reasons for the action, apparently ignoring our Rule 58.

The service on George Miller, one of the principal defendants, qualified the court, in the words of the amended Act of April 6, 1859, P. L. 387, section 1, 12 PS 1254, ". . . to order and direct that any subpœna, subpœnas or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found . . ." [1]

---

[1] The statute provides: ". . . it shall be lawful for any court of this commonwealth having equity jurisdiction, upon the special motion of the plaintiff or plaintiffs, in any suit in equity which has been or shall be instituted therein, concerning goods, chattels, lands, tenements or hereditaments . . . situate or being within the jurisdiction of such court, . . . or where the court have acquired jurisdiction of the subject matter in controversy, by the service of its process on one or more of the principal defendants, to order and direct that any subpœna, subpœnas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; . . ."

Appellant's contention that the Act does not apply where, as in this case, a decree in personam is sought, must be rejected. The suit is pending in Clarion County. One of the principal defendants has been served in that county. The appellant resides in and was served in Allegheny County, in this Commonwealth. The right of the legislature to provide for such extraterritorial service within the Commonwealth is settled; the question was considered and decided in *Mid-City Bank & Trust Co. v. Myers et al.*, 343 Pa. 465, 23 A. 2d 420 (1942), a case not considered in appellant's brief: see also *Landis v. Mfrs. L. & H. Co.*, 347 Pa. 73, 31 A. 2d 517 (1943); *Slater v. Cauffiel*, 355 Pa. 186, 190, 49 A. 2d 408, 410 (1946). It is unnecessary to repeat what was said in the *Mid-City Bank* case, which fully answers appellant's contention. The decision in *Com. v. Lutz*, 359 Pa. 427, 60 A. 2d 24 (1948), relied on by appellant, is not inconsistent with those cases because in that case no principal defendant was served in Schuylkill County, where the bill was filed and leave to make extraterritorial service was asked.

Appellant presents a second question. The amended bill was served on appellant, as the affidavit of service states, by one, Joseph L. McCorry, a service authorized by Equity Rule 27.[2] The appellant contends that the Act of May 17, 1921, P. L. 899, 12 PS 302, applies and requires the service to be made by the sheriff and not pursuant to the Equity rule. A similar contention was made and rejected in *Slater v. Cauffiel*, supra.

Decree affirmed at appellant's costs.

---

[2] "RULE 27. Writs of summons in equity cases shall be served and returned as in actions at law; bills in equity may be served by any adult person, and, in default of an appearance by the person served, an affidavit of proof of service shall be made and filed. Service may be made on the Commonwealth, and on non-resident defendants, in the manner prescribed by statute; and, if no method of service is provided thereby, then, if this is allowable by chancery practice, in such a way as may be directed by the court. The court, or a law judge thereof, may direct how service shall be made in special cases."